IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:20-CR-374-M |
| v. | |
| CODY GENE REYNOLDS | |

## FACTUAL RESUME

In support of Cody Gene Reynolds's plea of guilty to the offenses in Counts One and Three of the Indictment, Cody Gene Reynolds, the defendant, Laura S. Harper, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 922(a)(6), that is, Acquiring a Firearm from a Licensed Firearm Dealer by False or Fictitious Statement, the government must prove each of the following elements beyond a reasonable doubt:[1]

| | |
|---|---|
| First: | That the defendant made a false written statement; |
| Second: | That the defendant knew the statement was false; |
| Third: | That the statement was made in connection with the acquisition of a firearm from a licensed firearm dealer; |
| Fourth: | That the statement was intended or was likely to deceive a licensed firearm dealer; and |

---

[1] Fifth Circuit Pattern Jury Instruction 2.43B (5th Cir. 2019).

Factual Resume—Page 1

Fifth: That the alleged false statement was material to the lawfulness of the sale or disposition of the firearm.

To prove the offense alleged in Count Three of the Indictment, charging a violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2, that is, Aiding and Abetting Felon in Possession of a Firearm, the government must prove each of the following elements beyond a reasonable doubt:[2]

First: That the offense of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) was committed by Kevin Lyndel Massey;

Second: That the defendant associated with the criminal venture;

Third: That the defendant purposefully participated in the criminal venture; and

Fourth: That the defendant sought by action to make that venture successful.

Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), make it a crime for a convicted felon to knowingly possess a firearm.

First: That Kevin Lyndel Massey knowingly possessed a firearm as charged;

Second: That before Kevin Lyndel Massey possessed the firearm, Massey had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;

Third: That Kevin Lyndel Massey knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

Fourth: That the firearm possessed traveled in and affected interstate commerce; that is, before Kevin Lyndel Massey possessed the firearm, it had traveled at some time from one state to another.

---

[2] Fifth Circuit Pattern Jury Instructions 2.04 and 2.43D (5th Cir. 2019).

## STIPULATED FACTS

1. Cody Gene Reynolds admits and agrees that on or about December 2, 2018, in the Dallas Division of the Northern District of Texas, in connection with the acquisition of a firearm, to-wit: a Diamondback Arms, Inc., model DB-15, 5.56 caliber pistol, bearing serial number DB1525347, from Ammo Depot, LLC ("Ammo Depot"), a licensed dealer of firearms within the meaning of Chapter 44, Title 18 United States Code, he (Cody Reynolds) knowingly made a false and fictitious written statement to the Ammo Depot, which statement was intended and likely to deceive the Ammo Depot, as to a fact material to the lawfulness of such sale of said firearm to him under Chapter 44 of Title 18, in that Cody Reynolds did execute a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473, Firearms Transaction Record, to the effect that he was the actual transferee/buyer of the firearm, when in fact, as the defendant then knew, Kevin Lyndel Massey a/k/a KC Massey was the actual transferee/buyer of the firearm. The defendant further admits that he did knowingly aid and abet Massey to unlawfully possess in and affecting interstate and foreign commerce a firearm, to-wit: a Diamondback Arms, Inc., model DB-15, 5.56 caliber pistol, bearing serial number DB1525347, knowing that Massey had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, a felony offense.

2. More specifically, the evidence would show that on or about March 1, 1988, Kevin Lyndel Massey was convicted of a crime punishable by imprisonment for a term exceeding one year, that is, Burglary of a Habitation, in Dallas County, Texas. Then on or about September 30, 2015, Massey was found guilty of the four counts of

Possession of a Firearm by a Convicted Felon in the Southern District of Texas, and sentenced to serve forty-one months in prison followed by three years of supervised release. On or about June 29, 2018, Massey was released from the Federal Bureau of Prisons and began serving supervised release in the Northern District of Texas.

3. On or about December 2, 2018, the defendant Cody Gene Reynolds traveled to Ammo Depot located in Caddo Mills, Texas, with Kevin Lyndel Massey. Ammo Depot is a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code. Massey gave the defendant money to purchase a firearm from Ammo Depot for Massey and then the two men went inside Ammo Depot. Once inside, the defendant asked to purchase a Diamondback Arms, Inc., model DB-15, 5.56 caliber pistol, bearing serial number DB1525347, which was the firearm Massey had asked the defendant to purchase for him (Massey). In connection with his purchase of the firearm, the defendant executed a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473 representing that he was the actual transferee/buyer of the firearm. The representation made by the defendant in this written statement was material to the sale of the firearm by Ammo Depot. However, the defendant knew that he was not the actual transferee/buyer of the firearm, and that his statement was false. Following the purchase, the defendant gave the firearm to Massey. The defendant knew that Massey was a convicted felon and could not purchase, possess or own firearms legally. The firearm had been manufactured in Florida prior to being sold to the defendant by the Ammo Depot.

4. The defendant agrees that he committed all the essential elements of the offenses. This factual resume is not intended to be a complete accounting of all the facts

and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Counts One and Three of the Indictment.

AGREED TO AND STIPULATED on this 5th day of January 2021.

*Cody Reynolds*
CODY GENE REYNOLDS
Defendant

*Laura S. Harper*
LAURA S. HARPER
Attorney for Defendant

ERIN NEALY COX
UNITED STATES ATTORNEY

*Tiffany Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar No. 0193968
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242
Tel: 214-659-8600
Fax: 214-659-8805
Email: Tiffany.Eggers@usdoj.gov